# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD WATSON : 
 : No.
VS. : 
 : **JURY TRIAL DEMANDED**
LLOYD INDUSTRIES, INC. : 

## COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the 42 U.S.C. Section 2000(e) et seq. of the Civil Rights Act of 1964 as amended. This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

### PARTIES

2. Plaintiff, Ronald Watson, is an adult individual who resides at 1500 East Washington Lane, Philadelphia, PA 19138.

3. Plaintiff's race is Black.

4. The defendant, Lloyd Industries, Inc., is a corporation registered in the Commonwealth of Pennsylvania with

a place of business located at 231 Commerce Drive, Montgomeryville, PA 18936.

5. Defendant employs more than 100 people.

FACTS

6. Plaintiff was first hired by defendant on or about December 1, 2014 as a Machinist.

7. At all times material hereto, plaintiff was only one of two Black Machinists employed by the defendant—the other being Shawn Broadnax.

8. At all times material hereto, plaintiff was qualified for the Machinist position and performed his job in a satisfactory manner.

9. In fact, plaintiff has fifteen (15) years experience as a Machinist.

10. Plaintiff's supervisors included Tom Pendergast (Caucasian Plant Manager) who was first hired by defendant about two months before plaintiff's termination.

11. Plaintiff did not receive any discipline during the course of his employment.

12. On October 29, 2015, Mr. Pendergast called plaintiff into his office and notified plaintiff that he was being "laid off."

13. Plaintiff asked Mr. Pendergast why he was being laid off, and Mr. Pendergast responded: "Because I can."

14. Despite his claim that plaintiff was laid off, Mr. Pendergast offered plaintiff's union representative a different reason for plaintiff's separation from employment, which was that he was terminated, because he purportedly left work early on two occasions.

15. Both of Mr. Pendergast's purported reason for plaintiff's separation from employment were untrue.

16. Mr. Broadnax, the only other Black Machinist employed by defendant, was also let go in November 2015.

17. Had a layoff been truly necessary, based upon the union contract, Machinists must be terminated based upon seniority.

18. For this reason, Mr. Pendergast falsely alleged to the union that plaintiff was terminated for purportedly leaving work early on two occasions.

19. Furthermore, a White male Machinist (name unknown) with blond hair and blue eyes and a handlebar moustache (about 30-35 years old) and who owned a black Scion, had less seniority than plaintiff, but was retained by defendant and Mr. Pendergast.

20. Based upon information and belief, plaintiff was replaced with a less qualified White person previously described above.

21. The true reason for plaintiff's termination was because he is Black.

22. At all times material hereto, defendant acted through its employees who had authority to hire, discipline and fire.

23. Defendant's employees and/or agents intentionally treated plaintiff in a disparate manner and terminated plaintiff because of his race and color.

24. Plaintiff sustained damages as a result of the unlawful conduct of defendant.

COUNT 1- Race Discrimination

25. Plaintiff repeats paragraphs 1-24 as if more fully set forth herein.

26. By and through its conduct, defendant violated the Title VII, by intentionally discriminating against plaintiff by terminating his employment because of his race and color.

COUNT 2- Race Discrimination

27. Plaintiff repeats paragraphs 1-26 as if more fully set forth herein.

28. By and through its conduct, Defendant violated 42 USC Section 1981 et seq. of the Civil Rights Act of 1866 as amended, by intentionally discriminating against plaintiff by terminating his employment because of his race and color.

WHEREFORE, Plaintiff demands judgment against defendant and damages in an amount to be determined by a jury for pain and suffering, emotional distress, mental anguish, harm to reputation, lost income, punitive damages, costs, reasonable attorney's fees, and such other relief as the Court deems just and fair.

Samuel A. Dion, Esq.
Signature Code: SAD2282
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com