Law Offices of Keith J. Cohen, Esquire, P.C.
By: Keith J. Cohen, Esquire
Attorney I.D. No.:  43561
585 Skippack Pike, Suite 200
Blue Bell, PA  19422
O/267-708-7700
F/267-708-7701

ATTORNEY FOR DEFENDANT
LLOYD INDUSTRIES, INC.

## THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD WATSON,            :
              :
            PLAINTIFF,    :
              :   Civ. Action No. 17-cv-1049
        v.     :
              :
LLOYD INDUSTRIES, INC.    :
              :
            Defendant.    :

### DEENDANT LLOYD INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Lloyd Industries, Inc., by and through counsel, Keith J. Cohen, Esquire, avers the following in answer to the Complaint of Plaintiff, Ronald Watson:

### JURISDICTION

1. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of Plaintiff's averments herein. Strict proof of same is demanded at the time of trial in this matter.

-1-

## PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. Plaintiff was hired as a punch press operator and not as a machinist.

7. Denied. Defendant employed several African American or black employees at the Montgomeryville facility at the time of Plaintiff's employment and had a significant number of African American or black employees at its Florida facility at that time.

8. Denied. Plaintiff was hired as a punch press operator and was not qualified for the machinist position and did not perform his job duties as a punch press operator in a satisfactory manner and was dismissed from his job because of his job performance and other reasons which will be enumerated herein.

9. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of Plaintiff's averments herein. Strict proof of same is demanded at the time of trial in this matter.

10. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of Plaintiff's averments herein. Strict proof of

same is demanded at the time of trial in this matter.

11. Denied. Plaintiff was sent home numerous times from work because of issues with intoxication on the job and his performance was consistently poor.

12. Denied. Defendant is without knowledge or information as to the specific date that Plaintiff was dismissed from his position. The dismissal of Plaintiff was caused by his failure to show up for work at times, his being intoxicated on the job and the substandard work that he did when he did show up for work.

13. Denied. It is specifically denied that Plaintiff was dismissed under the terms and circumstances as stated in said averment. On the contrary, Plaintiff was dismissed for failure to show up for work, intoxication and lack of productivity. Simply said, he was a bad employee who did not meet company standards as was dismissed accordingly.

14. Denied. Defendant is without knowledge or information as to the specific date that Plaintiff was dismissed from his position. The dismissal of Plaintiff was caused by his failure to show up for work at times, his being intoxicated on the job and the substandard work that he did when he did show up for work.

15. Denied. Plaintiff was a substandard employee who failed to show up for work at times, was intoxicated at work periodically and lacked productivity.

16. Denied. Defendant is without knowledge or information sufficient to form

a belief as to the truth or veracity of Plaintiff's averments herein. Strict proof of same is demanded at the time of trial in this matter.

17. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of Plaintiff's averments herein. Strict proof of same is demanded at the time of trial in this matter.

18. Denied. It is specifically denied that such statements were ever made by Defendant's employees. On the contrary, Plaintiff was aware that his performance was lacking and that he had been sent home at times for intoxication on the job.

19. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of Plaintiff's averments herein. Strict proof of same is demanded at the time of trial in this matter.

20. Denied. It is specifically denied that Plaintiff was replaced by a less qualified white person partially identified by Plaintiff. On the contrary, Plaintiff's position as a punch press operator was filled by an employee who showed up for work regular, was not intoxicated on the job and was productive.

21. Denied. Plaintiff's skin color had nothing to do with his dismissal since it was based solely on job performance.

22. Admitted.

-4-

23. Denied. Plaintiff was treated in the same manner as any other employee who violated company policies and norms due to poor performance, intoxication and failure to show up for work.

24. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of Plaintiff's averments herein. Strict proof of same is demanded at the time of trial in this matter.

## COUNT 1 – RACE DISCRIMINATION

25. Admitted.

26. Denied. It is specifically denied that Defendant violated Title VII by intentionally discriminating against Plaintiff by terminating his employment because of his race and color. On the contrary, Plaintiff was dismissed from his position as a punch press operator for his failure to show up for work at times, being intoxicated on the job and for substandard work productivity.

## COUNT 2 – RACE DISCRIMINATION

27. Admitted.

28. Denied. It is specifically denied that Defendant, through its conduct, violated 42 USC Section 1981, et seq., of the Civil Rights Act of 1866, as amended, by intentionally discriminating against Plaintiff by terminating his employment because of his race and color. On the contrary, Plaintiff was dismissed from his position as a punch press operator for his failure to show up for work at times,

-5-

being intoxicated on the job and for substandard work productivity.

WHEREFORE, Defendant, Lloyd Industries, Inc., demands judgment in its favor against Plaintiff, Ronald Watson, on all claims for damages as outlined in Plaintiff Complaint alleging race discrimination and seeks reimbursement of all litigation costs incurred in defense of said claims.

Law Offices of Keith J. Cohen, Esquire, P.C.

BY: /s/ Keith J. Cohen
Keith J. Cohen, Esquire
Attorney ID No. 43561
Attorney for Defendant,
Lloyd Industries, Inc.

Dated: August 10, 2017

-6-