# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RONALD WATSON | CIVIL ACTION |
|---|---|
| v. | NO. 17-1049 |
| LLOYD INDUSTRIES, INC. | |

## MEMORANDUM RE: POST-TRIAL MOTIONS

**Baylson, J.**                                                                       April _11, 2019

This memorandum follows upon this Court's March 19, 2019 memorandum regarding Defendant's post-trial motion for judgment as a matter of law or a new trial. (ECF 40.) Because the briefing did not sufficiently address the issues relevant to the damages award, we requested the parties supplement their briefing. (ECF 41; ECF 42 & 42, Suppl. Briefs) This memorandum incorporates the factual recitation from that memorandum. (ECF 40, pp. 1-8.)

The jury awarded Watson $50,000 in compensatory damages for "any injury he actually sustained," $49,960 in back pay from October 29, 2015 through April 9, 2018, and $750,000 in punitive damages. Defendant requests that we grant a new trial on back pay, that we strike, remit, or grant a new trial on the compensatory damages, and that we strike or remit the punitive damage award. (Def.'s Suppl. Br. at 5-6.)

### I. Compensatory damages

The compensatory damage award consists of both emotional harm and back pay. Defendant asserts that the only evidence of Plaintiff's emotional distress "consisted of his own self-serving conclusory testimony." (ECF 28, Post-Trial Mot. Memo. at 17-18.)

"'In general, the determination of compensatory damages is within the province of the jury and is entitled to great deference.'… However, '[t]he district judge is in the best position to

evaluate the evidence presented and determine whether or not the jury has come to a rationally based conclusion.'" Dee v. Borough of Dunmore, 474 Fed. Appx. 85 (3d Cir. 2012) (quoting Spence v. Bd. Of Educ., 806 F.2d 1198, 1204, 1201 (3d Cir. 1986)). In Spence, the plaintiff was transferred out of her position as an art teacher to a position at a different school in retaliation for the exercise of her First Amendment rights. The Court of Appeals affirmed the district court's remittitur of all emotional distress damages in the case because "neither the circumstances nor the testimony established that there was a 'reasonably probability, rather than a mere possibility, that damages due to emotional distress were in fact incurred.'" 806 F.2d at 1201. The Court of Appeals declined to decide "whether a verdict for emotional distress may ever be supported solely by a plaintiff's own testimony." Id.

A remittitur is "a device employed when the trial judge finds that a decision of the jury is clearly unsupported and/or excessive." Cortez v. Trans Union, LLC, 617 F.3d 688, 715 (3d Cir. 2010) (quoting Spence, 806 F.2d at 1201.)

We reject Defendant's contentions here that the compensatory damage award is against the weight of evidence. Plaintiff's claim for emotional suffering damages was supported by his own testimony, which the jury found credible. His claim was also supported by the credible testimony of his long-time partner, Zenetta Ruffin, who testified that after Watson was laid off, "his mood was different, he was sad, like I said, he was depressed. It was difficult for us financially because like I said we just bought the home, and we had to adjust a lot of things to compensate for the loss of income." (Tr. Day 1 178:24-179:3.) The credible testimony of Watson and Ruffin created a sufficient basis upon which the jury awarded its compensatory damages. Similarly, Watson's testimony that he lost approximately $457.24 per week for about two and a half years provided a sufficient basis for the jury's award of back pay.

## II. Punitive damages

The punitive damage award of $750,000 is a multiple of 7.5 over the compensatory damages award. We must determine whether this punitive damage award is "so 'grossly disproportional' to the defendant's conduct as to amount to a constitutional violation." Willow Inn, Inc. v. Public Service Mut. Ins. Co., 339 F.3d 224 (3d Cir. 2005) (quoting Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 431 (2001)). "The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 417 (2003).

Defendant urges us to find that no punitive damages are justified, contending that there was no evidence of conscious wrongdoing by Defendant and no evidence from which the jury could infer that the Defendant knew it was violating federal law. (Post-Trial Mot. Memo. at 21.) Alternatively, Defendant argues that we should reduce the award to a nominal amount because the award violates Lloyd Industries' due process rights. (Id. at 22.)

Both parties agree that we must examine the three "guideposts" of BMW of North America, Inc. v. Gore, 517 U.S. 559, 575-86 (1996) to determine whether the punitive damage award comports with due process: (1) degree of reprehensibility of the defendant's conduct; (2) the ratio of actual harm to punitive damages; and (3) the comparison of punitive damages awarded to the civil or criminal penalties that could be imposed.

With regard to the first Gore guidepost, we find that Plaintiff has demonstrated that Defendant's behavior was reprehensible. Racial discrimination is illegal and repugnant. We reject Defendant's argument that no punitive damages are proper. On the other hand, Plaintiff's evidence, although compelling, was sparse and did not establish any prior conduct, reckless

3

indifference, slurs, physical harm, or malicious behavior toward the Plaintiff because he is black.[1]

With regard to the second Gore guidepost, we observe that the punitive damage award here was $750,000, which is about 7.5 times the $99,960.00 compensatory damages award. Although the Supreme Court has not provided firm guidance on an appropriate ratio, in State Farm, Justice Kennedy wrote for the Court that "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." 538 U.S. at 425. He also noted that in an earlier case affirming a punitive damages award, the Court "concluded that an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." Id. (discussing Pac. Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23 (1991)).

Third Circuit precedent does not provide any rule as to specific ratios that may be appropriate. Compare In re Bayside Prison Litig., 339 F.App'x 987, 993 (3d Cir. 2009) (holding that a punitive damage award that was 4.5 times the compensatory damage award in a prisoner civil rights claim was a "close case" and remanding to the district court to re-evaluate) with Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc., 801 F.3d 347, 366 (3d Cir. 2015)

---

[1] We are guided by the factors used to evaluate the reprehensibility guidepost CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.:

> (1) the harm caused was physical as opposed to economic; (2) the tortious conduct evinced an indifference to or reckless disregard of the health or safety of others; (3) the target of the conduct had financial vulnerability; (4) the conduct involved repeated actions or was an isolated incident; and (5) the harm was the result of intentional malice, trickery, or deceit, or mere accident.

499 F.3d 184, 190 (3d Cir. 2007) (quoting State Farm, 538 U.S. at 419).

(holding that a punitive damages award of five times the compensatory damages was not "suspect by itself.").

With regard to the third and final Gore guidepost, although there are no penalties that could be imposed for Defendant's behavior, we must recognize the cap on punitive and compensatory damages under Title VII. For an employer the size of Lloyd Industries, the sum of these damages would be limited to $50,000. 42 U.S.C.A. § 1981a. While Congress chose not to impose a statutory cap on damages under § 1981, the fact that it has imposed this limit for the same behavior is a significant consideration. See, e.g., Zielinski v. SPS Techs. LLC, 2011 WL 5902214, at *12 (E.D. Pa. Nov. 22, 2011) (Baylson, J.) ("[A]n award as large as the one here is troubling in light of the similarity between [Plaintiff's] Title VII and § 1981 claims.")

In light of the analysis above, the similarity between the Title VII and § 1981 claims, and the fact that the punitive damage award here is fifteen times the statutory cap on all damages under Title VII, this court concludes that the punitive damage award of the jury is excessive and does not comport with due process. A punitive damages award that is five times the compensatory damages is reasonable in light of the facts and circumstances of this case and comports with due process. As a matter of law, the punitive damage award will be reduced to $499,800. A new trial will not be granted. See Cortez v. Trans Union, LLC, 617 F.3d 688, 716 (3d Cir. 2010) (noting that when a court reduces a damages award to avoid a denial of due process under Gore, "there is no interference with the Seventh Amendment right to have a jury make findings of fact.")

### III. Conclusion

For the reasons discussed above, we grant Defendant's post-trial motion for a remittitur of the punitive damages. We affirm the jury's compensatory damage award.

An appropriate order follows.