UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WATSON | : |
| | :    No.: 2:17-cv-01049-MMB |
| v. | : |
| | : |
| LLOYD INDUSTRIES, INC. | : |

**MOTION FOR POST JUDGMENT INTEREST PURSUANT TO 28 U.S.C. 1961**

1. On March 8, 2017, Plaintiff Ronald Watson, an African American, filed this matter seeking damages pursuant to Title VII and Section 1981 claiming he was terminated from his job with Defendant Lloyd Industries, Inc. due to his race.

2. On November 14, 2018, judgment was entered on the jury verdict in favor of Watson and against Defendant in the amount of $849,960.00 (Docket Item #26) including punitive damages of $750,000.00.

3. On March 11, 2019, this Honorable Court remitted the punitive damages award to $500,000.00 and reduced the judgment amount to $599,960.00 (Docket Item #46).

4. On June 10, 2019, This Honorable Court awarded attorneys' fees and costs to Watson in the sum of $56,810.00 (Docket Item #49) and modified the total judgment amount to $667,879.20.

5. Watson now seeks approval for post-judgment interest pursuant to 28 U.S.C. 1961.

6. Post judgment interest, even in the event of a remittitur, shall be calculated from the date of the original judgment (See *Dunn v. Hovic*, 13 F.3d 58, 60-62 (3d Cir. 1993) (allowing post-judgment interest to accrue from date of district court's entry of judgment on jury verdict

despite partial remittitur in district court and further remittitur of punitive damage award on appeal)), which in this case was November 14, 2018.

7. Post judgment interest on the attorneys' fees "runs from the date that the District Court enters a judgment quantifying the amount of fees owed to the prevailing party," (*Eaves v. County of Cape May*, 239 F.3d 527, 542 (3rd Cir. 2001)), which in this case was June 10, 2019.

8. Defendant filed an unsuccessful appeal which culminated in a denial of petition for writ of certiorari with the U.S. Supreme Court on May 3, 2021.

9. The matter is still under jurisdiction of the Third Circuit pending issuance of a mandate to this Honorable Court due to a pending Motion for Attorneys' Fees associated with the Defendant's appeal to the Third Circuit which was filed by the Watson on September 8, 2020, and which was referred to an appointed Special Master on April 14, 2021 to determine a reasonable amount of attorney fees counsel for Watson is entitled to for litigating the appeal in this matter.

10. This motion is being filed in order to preserve Watson's right to an award of post-judgment interest in anticipation of the issuance of a mandate from the Third Circuit, and to ensure no unnecessary interest charges are taxed to defendant due to the delay caused by the pending motion for attorneys' fees given that interest is accruing at rate of $47.58 daily.

11. Interest ". . . shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. 1961(a).

12. The 1-Year Treasury Constant Maturity Rate was 2.74 as of November 7, 2018, which was the calendar week preceding the date of original judgment.

13. The 1-Year Treasury Constant Maturity Rate was 2.11 as of June 3, 2019, which was the calendar week preceding the date of the award of attorneys' fees.

14. "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. 1961(b).

15. Interest on the reduced judgment of $599,960 from November 14, 2018 to November 13, 2019 equals $599,960 times 0.0274 which amounts to $16,438.90, bringing total judgment and interest to $616,398.90.

16. Interest on $616,398.90 from November 14, 2019 to November 13, 2020 equals $616,398.90 x 0.0274 which amounts to $16,889.33, bringing total judgment and interest to $633,288.23.

17. The daily rate of post-judgment interest accrual thereafter comes to .007506849.

18. The number of days from November 14, 2020 to May 28, 2021 equals 195 days.

19. Interest on $633,288.23 x .00007506849 x 195= $9,270.30.

20. Daily interest thereafter until November 13, 2021 equals about $47.54 daily, and interest would again have to be compounded after November 13, 2021.

21. Total interest to date on the adjusted jury verdict equals **$42,598.53** plus about $47.54 daily through November 13, 2021, and interest would again have to be compounded after November 13, 2021 to calculate the new daily rate.

22. Interest on $56,810.00 in attorneys' fees and costs from June 10, 2019 to June 9, 2020 equals $56,810 times 0.0211 which amounts to $1,240.89, bringing the total attorneys' fees award to $58,050.89.

23. The daily rate of post-judgment interest accrual thereafter comes to .00578082.

24. The number of days from June 10, 2020 to May 28, 2021 equals 353 days.

25. Interest on $58,050.89 x .0000578082 x 353 equals $1,184.60.

26. Daily interest thereafter until June 9, 2021 equals about $3.36 daily through June 9, 2021, and interest would again have to be compounded after June 9, 2021, which is calculated at a rate of $.

27. Total interest to date equals on the initial award of attorneys' fees is **$2,425.49** plus about $3.36 daily through June 9, 2021, and interest would again have to be compounded after June 9, 2021, which post-June 9, 2021 daily rate is calculated at $3.43 daily ($59,275.76 x 0.0000578082) through June 9, 2022.

28. Total interest to date all together equals **$45,024.02 plus $50.90 daily until June 9, 2021.**

29. **Daily interest accrual will increase to about $50.97 per day starting on June 10, 2021, and then will increase to about $52.28 per day starting on November 14, 2021.**

30. Per this motion, Watson seeks an order granting post judgment interest.

31. Post-judgment interest is mandatory under 28 U.S.C. 1961. It is "not a 'reward,' but rather just compensation to ensure that a money judgment will be worth the same when it is actually received as it was when it was awarded." *Dunn v. Hovic*, 13 F.3d 58, 60 (3d Cir. 1993).

32. Post judgment interest is "awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it." *Id* at 62.

33. Additionally, given that post judgment interest will be calculated up until the time the $657,879.20 on deposit with the court are released to Watson, and the proposed Order attached hereto includes an Order for release of those funds, which have been on deposit since July 19, 2019, and allows for an offset of interest accrued in that interest bearing account up until the release date of these deposited funds.

WHEREFORE, Watson respectfully requests release of the funds on deposit with Registry of the Court along with all interest accrued and entry of judgment on the post judgment interest pursuant to 28 U.S.C. 1961 as set forth in the attached proposed Order.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esquire
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
(215) 546-6033 (tel)
(215) 546-6269 (fax)
Samueldion@aol.com
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WATSON | : |
| | : No.: 2:17-cv-01049-MMB |
| v. | : |
| | : |
| LLOYD INDUSTRIES, INC. | : |

## ORDER

IT IS on this _____ day of _____, 2021, hereby Ordered that:

**1)** the sum of $ 657,879.20 deposited by Defendant Lloyd Industries, Inc. into the Registry of the Court on July 19, 2019 along with all interest that accrued on those deposited funds be released to Plaintiff, Ronald Watson, and delivered to his attorney Samuel A. Dion, Esq., Dion & Goldberger, 1845 Walnut Street, Suite 1199, Philadelphia, PA 19103 so that Mr. Dion can distribute the funds as agreed between himself and Plaintiff, Ronald Watson.

**2)** That the Clerk of Court is directed to tax post-judgment interest upon Defendant pursuant to 28 U.S.C. 1961 as follows:

a) interest on $599,960.00 at the 1-Year Treasury Constant Maturity Rate 2.74 starting on November 7, 2018 and computed daily and compounded annually to the date of release of this sum to as set forth in Section 1 of this Order; and

b) interest on $56,810.00 at the 1-Year Treasury Constant Maturity Rate 2.11 starting on June 10, 2019 and computed daily and compounded annually to the date of release of this sum to as set forth in Section 1 of this Order.

**3)** Judgment shall be entered by the Clerk of the Court against Defendant in the total amount of interest calculated based upon Section 2 of this Order less any interest that accrued on

the funds deposited into the Registry of the Court through the date these funds are released to Plaintiff, Ronald Watson, pursuant to Section 1 of this Order.

 

_____
HONORABLE MICHAEL M. BAYLSON, U.S.D.J.

CERTIFICATE OF SERVICE

I, Samuel A. Dion, Esq., certify that a copy of the foregoing motion has been served on the Theodore C. Forrence, Esq., 1515 Market Street, Suite 1200, Philadelphia, PA 19102 on May 28, 2021 by ECF.

/s/ Samuel A. Dion
_____

Samuel A. Dion, Esquire
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
(215) 546-6033 (tel)
(215) 546-6269 (fax)
Samueldion@aol.com
Counsel for Plaintiff