## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WATSON | : |
| | :     No.: 2:17-cv-01049-MMB |
| v. | : |
| | : |
| LLOYD INDUSTRIES, INC. | : |

## BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES SINCE SEPTEMBER 8, 2020, INCLUDING ATTORNEYS' FEES ASSOCIATED WITH OPPOSING DEFENDANT'S PETITION FOR WRIT OF CERTIORARI

I. Relevant Facts

On March 8, 2017, Plaintiff Ronald Watson, an African American, filed this matter seeking damages pursuant to Title VII and Section 1981 claiming he was terminated from his job with Defendant Lloyd Industries, Inc. due to his race. On November 14, 2018, judgment was entered on the jury verdict in favor of Watson and against Defendant in the amount of $849,960.00 including punitive damages of $750,000.00. On March 11, 2019, This Honorable Court remitted the punitive damages award to $500,000.00 and reduced the judgment amount to $599,960.00. On June 10, 2019, This Honorable Court awarded attorneys' fees and costs to Watson in the sum of $56,810.00 and modified the final judgment amount to $667,879.20.

On July 2, 2019, Defendant appealed the lower court final judgment to the Third Circuit seeking to invalidate the awards of punitive damages, compensatory damages for emotional pain and suffering and attorneys' fees. On August 19, 2020, the Third Circuit affirmed final judgment entered in the lower court. On September 8, 2020, Plaintiff filed a motion for attorneys' fees pursuant to Local Appellate Rule 108.1 for all work performed through September 8, 2020, and that motion is still pending in the Third Circuit.

The instant motion is for all work performed since September 8, 2020 including the defendant's filing of a petition for writ of certiorari with the U.S. Supreme Court. Plaintiff sought the assistance of an experienced U.S. Supreme Court attorney to help draft an opposition brief to the petition for writ of certiorari by the name of Adina H. Rosenbaum, Esq., so the instant motion is being filed on behalf of all work performed by Plaintiff's trial counsel Samuel A. Dion, Esq, since September 8, 2020 and all work performed by Ms. Rosenbaum.

The U.S. Supreme Court denied certiorari on May 3, 2021, and thus Plaintiff remains the prevailing party in this matter.

A fee schedule for Philadelphia law firms published by Community Legal Services (effective July 1, 2018), indicates a range of hourly rates for attorneys, such as Mr. Dion, with more than 25-years' experience ranging between $650.00 and $700.00 per hour. (See Exhibit C hereto). Based upon the said fee schedule, plaintiff's counsel Samuel A. Dion, Esq. seeks the lower limit of hourly fees of $650.00 per hour because he has already been approved at this rate by this Honorable Court and the Third Circuit affirmed that decision. Plaintiff's trial counsel, Samuel A. Dion, Esq., spent 22.90 hours working on this case. (See Exhibit A hereto). Ms. Rosenbaum seeks rates set forth in the Laffey Matrix. Under the LSI Laffey Matrix a rate for someone with Ms. Rosenbaum's years of experience is $759/hour. (See Exhibit E hereto). Plaintiff's Supreme Court counsel, Adina H. Rosenbaum, Esq. spent 40.70 hours working on this case. (See Exhibit B hereto). Mr. Dion's and Ms. Rosenbaum's respective qualifications are set forth in their Declarations attached as Exhibits A and B hereto.

Mr. Dion has been practicing for over 31 years and is a very successful appellate lawyer in that he has successfully reversed three lower court decisions against his clients in the past 6 years (all three were reversed and remanded with published opinions which changed the laws in

this Circuit) and the Model Jury Instructions published by the Third Circuit cite at least two of these opinions. Ms. Rosenbaum is a highly experienced U.S. Supreme Court lawyer and has argued two cases before the U.S. Supreme Court: *Northwest, Inc. v. Ginsberg*, 572 U.S. 273 (2014), and *Taylor v. Sturgell*, 553 U.S. 880 (2008). She has also drafted numerous Supreme Court briefs, including more than two dozen oppositions to petitions for certiorari, as well as merits briefs, petitions for certiorari, and both merits-stage and petition-stage amicus briefs. In addition, she has edited or provided feedback on numerous Supreme Court briefs that other people have drafted.

Mr. Dion seeks payment of 22.90 hours of work since September 8, 2020 at a rate of $650.00 per hour, for a total of $14,885.00. Ms. Rosenbaum seeks payment of 40.7 hours of work since February 18, 2021 at a rate of $759.00 per hour, for a total of $30,891.30.

II. Argument

Pursuant to 42 U.S.C. Section 2000e-5(k), "the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."

FRCP Rule 54(d)(2) sets forth that a motion for attorneys' fees should be filed with 14 days of the entry of final judgment which, for purposes of this motion, Plaintiff anticipates will be upon issuance of the Mandate from the Third Circuit which is currently delayed due to a motion for attorneys' fees for appellate work performed through September 8, 2020, which is still pending as of the date the instant motion was filed.

The prevailing plaintiff, in both a Title VII action and a Section 1981 action, is entitled to attorneys' fees unless special circumstances render such an award unjust. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968); and *Brown v. Fairleigh Dickinson University*, 560

F. Supp. 391, 402-404 (D.N.J. 1983).  No special circumstances exist in the matter that would prohibit plaintiff from an award of attorneys' fees.

The Third Circuit utilizes the "lodestar" method for calculating reasonable attorneys' fees. See *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990); and *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3rd Cir. 1996).  The lodestar method is a simple calculation which multiplies the number of hours reasonably spent on the case by the reasonable hourly rates of those who worked them.  See *Brytus v. Sprang & Co.*, 203 F. 3d 238, 242 (3rd Cir. 2000).

### A.  Attorneys' Fee Rate for Samuel A. Dion, Esq.

The Community Legal Services fee schedule has been utilized by the Third Circuit court as a basis to calculate reasonable attorneys' fees.  See *Maldanado v. Houston*, 256 F.3d 181, 187 (3rd Cir. 2001) (most recently utilized in *Jones v. Pennsylvania State Police*, 051118 PAEDC, C.A. 16-4205 at *4 (May 11, 2018). (See Exhibit D hereto).

### B.  Attorneys' Fee Rate for Adina H. Rosenbaum, Esq.

The Third Circuit adopted the LSI Laffey Matrix in the matter of *Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694 (3rd Cir. 2005), in which the Third Circuit noted "the District Court 'reviewed both indices [the DOJ Matrix and the LSI Laffey Matrix] and decided that [the LSI Laffey Matrix] represented a better measure of prevailing rates in Washington, DC." *Interfaith* at 709; See also, e.g., *Salazar v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) (affirming award of fees at LSI Laffey rates).

### C.  Application of Rates

The expenditures by both Mr. Dion and Ms. Rosenbaum were reasonable because they were the actual time they worked on the above-captioned case since September 8, 2020 to the

date of the filing of this motion for attorneys' fees. The work listed in Exhibits A and B was reasonable and necessary for the prosecution of the instant matter and was neither redundant nor excessive. Based upon the foregoing, plaintiff requests total attorneys' fees in the total sum of $45,776.30 related to work performed after September 8, 2020 to be awarded and to be made part of the judgment in this matter.

/s/ Samuel A. Dion

Samuel A. Dion, Esquire
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
(215) 546-6033 (tel)
(215) 546-6269 (fax)
Samueldion@aol.com
Counsel for Plaintiff