# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD WATSON | : | |
| | : | No.: 2:17-cv-01049-MMB |
| v. | : | |
| | : | |
| LLOYD INDUSTRIES, INC. | : | |

**DECLARATION OF SAMUEL A. DION, ESQ.**

Pursuant to 28 U.S.C. Section 1746, I, Samuel A. Dion. Esq., declare as follows:

1. I have personal knowledge of the facts set forth below. I am an adult citizen of the United States and I am competent to testify as to the matters in this Declaration.

2. I am attorney for the plaintiff in the above-captioned matter.

3. Since September 8, 2020, I have spent at least 87.4 hours working on his case through the present day. (See Exhibit 1 hereto).

4. I have been practicing law in both Pennsylvania and New Jersey since November 1989, a period of nearly 32 years. I am an experience employment discrimination lawyer and I have been handling cases similar to the matter at bar since 1994 or for a period of about 27 years.

5. I have successfully tried multiple employment discrimination cases to verdict including wins in two prior sexual harassment cases and in the instant race discrimination case, all in the Eastern District of Pennsylvania.

6. My years of experience and my handling of hundreds of employment discrimination cases over the past 27 years has made me proficient in the practice area of employment discrimination, which is a difficult area of the law and requires the ability to interpret multiple statutes and laws.

7. As a result, I have become a leader in developing the law within this Circuit as evidenced by three recent successful employment discrimination appeals, which have resulted in

published opinions which have effectively changed enforcement of the FMLA, sexual harassment and disability discrimination cases. These opinions are (1) *Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149 (3rd Cir. 2015); (2) *Moody v. Atlantic City Board of Education*, 870 F.3d 206 (3rd Cir. 2017); and (3) *Eshleman v. Patrick Industries, Inc.*, 961 F.3d 242 (3rd Cir. 2020).

8. Said expenditure of time in this matter (noted in paragraph 3 above) was reasonable because it was the actual time that I worked on the above-captioned case since September 8, 2020 which included time devoted to opposing defendant's petition for writ certiorari to the U.S. Supreme Court.

9. The work listed on Exhibit 1 was reasonable and necessary for the prosecution of the instant matter and was not redundant or excessive.

10. Under penalty of perjury, I declare pursuant to 28 U.S.C. Section 1746 that the foregoing is true and correct.

Executed the 15th day of June 2021,

______________________________

SAMUEL A. DION, ESQ.
Attorney for Plaintiff

# EXHIBIT 1

# (of EXHIBIT A)

Watson Time Sheet for Appeal Since September 8, 2020

| Date | Work Done | Time |
|---|---|---|
| 9/16/2020 | Review of Brief in Opposition to appellee's motion for Attorneys' fees | 0.80 |
| 10/7/2020 | Review of Order denying Petition for Panel Rehearing. | 0.10 |
| 10/13/2020 | Review of Petition to Stay Mandate | 0.70 |
| 10/14/2020 | Draft Motion for Leave to file a Response to Stay of Mandate | 1.50 |
| 12/17/2020 | Research and calculation as to how much time, if any, is left to file a petition for writ of certiorari. | 0.20 |
| 1/2/2021 | Research on whether a mandate must issue to the lower court and what form it takes. | 0.30 |
| 1/4/2021 | Review of letter from Third Circuit concerning mediation | 0.20 |
| 1/4/2021 | Email to defense counsel asking if a Petition for Writ of Cert. would be filed, and review of response stating they would be filing and the Supreme Court extended the deadline to file | 0.20 |
| 1/13/2021 | Reviewed copy of Petition for Writ of Cert. emailed to me. | 0.60 |
| 1/20/2021 | Emails back and forth with defense counsel to determine identifier for the case, etc. and reviewed responses indicating no identifier because they are delayed in filing received docs. | 0.30 |
| 1/20/2021 | Confirmed registration with Supreme Court. Unsuccessfully tried to file entry of appearance in case but no number assigned. | 0.30 |
| 1/25/2021 | Email to mediation unit regarding memorandum regarding petition for attorneys' fees. | 0.40 |
| 1/26/2021 | Email from defense counsel with docket number for Supreme Court. | 0.10 |
| 1/27/2021 | Reviewed email from mediation unit regarding attorneys' fees petition. | 0.10 |
| 1/27/2021 | Email to defense counsel regarding possible extension to respond to petition for writ of cert. | 0.10 |
| 1/28/2021 | Emails with opposing counsel revealing response date of February 25, 2021. | 0.10 |
| 1/29/2021 | Email from Grace Paras of Citizen Litigation Group—reviewed solicitation to help. | 0.10 |
| 2/2/2021 | Emails with Grace Paras to discus shared working agreement. | 0.20 |
| 2/3/2021 | Phone conference and emails with Adina Rosenbaum, Esq. from Citizen Litigation Group. Discussed legal issues. | 0.50 |
| 2/3/2021 | Review of email and attachments from Adina Rosenbaum including co-representation agreement and form extension request. | 0.20 |
| 2/4/2021 | Returned signed agreement to Adina Rosenbaum and proposed letter seeking an extension. (drafting proposed letter included). | 0.40 |
| 2/5/2021 | Motion for extension of time filed with Supreme Court. | 0.10 |
| 2/8/2021 | Review of Order granting motion to file by March 29, 2021 | |

| | | |
|---|---|---|
| | and email to Adina Rosenbaum advising her of extension. | 0.20 |
| 2/12/2021 | Review email from mediator for petition for attorneys' fees. | 0.10 |
| 2/16/2021 | Forwarded copies of brief, trial transcript and orders of Third Circuit to Adina Rosenbaum. (includes time assembling documents). | 0.20 |
| 2/18/2021 | Emails back and forth with mediator mentioned above. | 0.20 |
| 3/11/2021 | Spoke to defense counsel on phone and by email, as well as Client to make proposal in court ordered mediation. | 1.30 |
| 3/18/2021 | Discussed strategy for supreme court brief including sending a draft of brief to Adina Rosenbaum and along with some comments. (includes time drafting draft brief). | 3.50 |
| 3/18/2021 | Reviewed Adina Rosenbaum's draft brief in opposition. Realized it stopped at page 5 abruptly. | 0.30 |
| 3/19/2021 | Emailed defense counsel for permission to serve opposition brief by email which was agreed. | 0.10 |
| 3/19/2021 | Review entire draft brief and my changes were incorporated into Adina's brief. | 1.20 |
| 3/21/2021 | Approved the brief written by Adina and which incorporated some of my suggestions and corrections/changes. (includes time spent making suggested changes and corrections). | 0.70 |
| 3/24/2021 | Final review of brief and email from Adina acknowledging my contributions and insight. | 0.60 |
| 3/26/2021 | Review email from mediator. | 0.10 |
| 3/26/2021 | Brief was filed and I send a copy by email to defense counsel. | 0.10 |
| 3/26/2021 | Copy of brief sent to Mr. Watson with email discussing mediation and the timing with Supreme Court review. | 0.10 |
| 3/26/2021 | Advised mediator that there was no settlement so she emailed me that she notified the "panel." | 0.10 |
| 4/12/2021 | Took care of a registration issue after being notified by a clerk with Supreme Court that my phone number on the brief did not match the one on file with the court. | 0.20 |
| 4/14/2021 | Reviewed ecf notification that the petition was distributed for Conference of 4/30/2021. | 0.10 |
| 4/14/2021 | Reviewed email that fee petition was assigned to a special master. | 0.10 |
| 5/3/2021 | Received email from Adina that petition for writ of cert was denied and responded for her to send her fee petition information. | 0.10 |
| 5/4/2021 | Received draft declarations from Adina Rosenbaum. | 0.10 |
| 5/4/2021 | Contacted Court for information on how to obtain bond money And they responded. | 0.10 |
| 5/5/2021 | Notified Adina that Mandate was delayed due to pending fee petition. | 0.10 |

| | | |
|---|---|---|
| 5/13/2021 | Drafted Motion for post-judgment interest, release of funds On deposit with the court and this fee petition. | 7.00 |
| | | ------- |
| | | 22.90 |