# EXHIBIT B

## DECLARATION OF ADINA H. ROSENBAUM

I, Adina H. Rosenbaum, declare as follows:

1. I am an attorney with Public Citizen Litigation Group (PCLG) in Washington, DC. I was co-counsel for Ronald Watson in responding to the petition for a writ of certiorari filed in the Supreme Court by Lloyd Industries in the case entitled *Lloyd Industries, Inc v. Watson*. I submit this declaration in support of an award of attorneys' fees and costs incurred in connection with opposing the petition.

2. PCLG is a public interest law firm that litigates cases at all levels of the federal and state judiciaries, including the U.S. Supreme Court. Founded in 1972, PCLG is the litigation arm of Public Citizen, a not-for-profit membership organization devoted to research, advocacy, and education on a wide range of public health and consumer safety issues. PCLG attorneys have argued sixty-four cases before the Supreme Court and have appeared as lead counsel, co-counsel, or in an amicus capacity in hundreds more. In 1990, PCLG founded the Alan Morrison Supreme Court Assistance Project to offer pro bono legal assistance at the certiorari stage, by opposing petitions for certiorari to protect public interest victories in lower courts and filing petitions for certiorari asking the Supreme Court to review open legal questions.

3. I have litigated complex cases in federal court for more than fifteen years. I graduated magna cum laude from Harvard University in 1998 and magna cum laude from New York University School of Law in 2003. Following law school, I was a judicial law clerk on the United States Court of Appeals for the Sixth Circuit. Since 2004, I have practiced at PCLG, where I focus on consumer law, open government, administrative law, and access to civil justice issues, primarily before the appellate courts and the U.S. Supreme Court.

4.  I have argued two cases before the U.S. Supreme Court: *Northwest, Inc. v. Ginsberg*, 572 U.S. 273 (2014), and *Taylor v. Sturgell*, 553 U.S. 880 (2008). I have also drafted numerous Supreme Court briefs, including more than two dozen oppositions to petitions for certiorari, as well as merits briefs, petitions for certiorari, and both merits-stage and petition-stage amicus briefs. In addition, I have edited or provided feedback on numerous Supreme Court briefs that other people have drafted.

5.  In addition to my work as a litigator, I have taught appellate advocacy as an adjunct professor at American University Washington College of Law and at Catholic University Columbus School of Law.

6.  I am a member of the bars of the U.S. Supreme Court, and the Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, and District of Columbia Circuits, as well as the U.S. District Court for the District of Columbia and the bars of the District of Columbia, the States of New York, and the Commonwealth of Massachusetts (inactive).

7.  After Lloyd Industries filed a petition for a writ of certiorari, U.S. No. 20-999, my colleague Grace Paras reached out to Samuel A. Dion to offer assistance opposing the petition for certiorari. Mr. Dion and I then spoke, and we agreed that I would take the lead in drafting the brief in opposition.

8.  Mr. Watson seeks an award of attorneys' fees for 40.7 hours of my work on respondent's brief in opposition to Lloyd Industries' petition for a writ of certiorari. A description of the tasks performed and the amount of time I spent on each task is attached to this declaration as Exhibit 1. That exhibit was generated by a timekeeping program used by attorneys in my office to record their time.

9.  The 40.7 hours of work I performed were necessary and reasonable. Because of my

experience with Supreme Court practice in general, and in preparing briefs at the certiorari stage in particular, I was able to be efficient in identifying the arguments against the petition, and in researching and drafting the brief. Further, my work did not duplicate the effort of Mr. Dion, who was extremely familiar with this case but lacked experience preparing petition-stage briefing for the Supreme Court, which is quite different from merits-stage briefing.

10. Mr. Watson seeks attorneys' fees at the rate of $759 per hour for my work. The reasonableness of this fee is demonstrated by the "LSI Laffey Matrix," an attorneys' fee matrix for complex federal litigation in the District of Columbia that was originally developed in the 1980s and then updated through a Bureau of Labor Statistics Index called the Legal Services Index. The LSI Laffey Matrix is posted at http://www.laffeymatrix.com/see.html. Under the matrix, $759 per hour is the rate for an attorney with my years of experience who conducted the work between June 1, 2020, and May 31, 2021.

11. It was reasonable for Mr. Watson to have retained the services of the experienced Supreme Court advocates at PCLG, because we are knowledgeable in the special kinds of arguments needed to oppose a petition for a writ of certiorari in the Supreme Court. Indeed, opposing petitions for certiorari entails a different approach than briefing the merits of a case, and certiorari-stage advocacy is very different from the day-to-day work of most lawyers. For this reason, a specialized Supreme Court bar has emerged in the past two decades, and clients often retain one of the specialized practitioners who has experience in briefing and arguing cases before the Court.

12. The hours for which compensation is sought do not include time spent by my colleague, PCLG Director Allison Zieve, who edited the brief and discussed various arguments with me, or time spent preparing this declaration.

13. In summary, Ronald Watson requests attorneys' fees for my work as follows:

    40.7 @ $759 /hr = $30,891.30

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2021

*[signature]*

Adina H. Rosenbuam

# PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

## Time Records Report

| Staff | Date | Time | Description |
|---|---|---|---|
| **Lloyd Industries v. Watson** | | | |
| Rosenbaum, Adina | | | |
| | 2/18/2021 | 1.6 | Read underlying materials from district court and court of appeals |
| | 2/26/2021 | 2.2 | Began drafting BIO |
| | 3/1/2021 | 5.9 | Continued researching and drafting BIO |
| | 3/2/2021 | 3 | Read punitive damages cases |
| | 3/3/2021 | 3.8 | Research and drafting related to section I of BIO |
| | 3/11/2021 | 3 | Continued researching and drafting section I of BIO |
| | 3/12/2021 | 5 | Research and drafting related to sections I and II of BIO |
| | 3/13/2021 | 2.1 | Researched and drafted section II of BIO |
| | 3/14/2021 | 1.5 | Began researching part III of BIO |
| | 3/15/2021 | 4.3 | Continued researching and drafting section III of BIO |
| | 3/16/2021 | 1.8 | Continued drafting BIO |
| | 3/18/2021 | 2.5 | Revised brief in light of A. Zieve edits |
| | 3/24/2021 | 2.4 | Revised brief |
| | 3/25/2021 | 0.6 | Revised Brief |
| | 3/26/2021 | 1 | Final revisions and filed brief |
| | **Staff total:** | 40.7 | |
| | **Case total:** | 40.7 | |
| | **Grand total** | 40.7 | |